McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

APPROXIMATELY $8,800.00 IN U.S. CURRENCY,

APPROXIMATELY $8,800.00 IN U.S. CURRENCY,

APPROXIMATELY $2,000.00 IN U.S. CURRENCY,

APPROXIMATELY $9,000.00 IN U.S. CURRENCY,

APPROXIMATELY $9,000.00 IN U.S. CURRENCY,

APPROXIMATELY $9,000.00 IN U.S. CURRENCY,

APPROXIMATELY $8,000.00 IN U.S. CURRENCY,

APPROXIMATELY $8,000.00 IN U.S. CURRENCY,

APPROXIMATELY $4,000.00 IN U.S. CURRENCY,

APPROXIMATELY $9,000.00 IN U.S. CURRENCY,

2:18-MC-00127-MCE-CKD

CONSENT JUDGMENT OF FORFEITURE

1

| | |
|---|---|
| 1 | APPROXIMATELY $9,000.00 IN U.S. CURRENCY, |
| 2 | |
| 3 | APPROXIMATELY $9,000.00 IN U.S. CURRENCY, |
| 4 | APPROXIMATELY $9,000.00 IN U.S. CURRENCY, |
| 5 | |
| 6 | APPROXIMATELY $9,000.00 IN U.S. CURRENCY, |
| 7 | APPROXIMATELY $9,000.00 IN U.S. CURRENCY, |
| 8 | Defendants. |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 2, 5, 9, and 10, 2018, inspectors with the United States Postal Inspection Service ("USPIS") seized fifteen parcels each containing U.S. Currency and totaling $120,600.00 (hereafter "defendant currency"). The basis of the Inspection Service investigation was a review of the U.S. Postal Service Priority Mail records in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about June 8, 2018, USPIS received claims from Robert Kurtz ("Kurtz" or "claimant") asserting an ownership interest in the defendant currency.

3. Claimant does not contest the United States' representation that it could show at a forfeiture trial that on or about April 2, 2018, USPIS conducted a parcel interdiction at the Post Office located at 2000 Royal Oaks Drive, Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail parcel # 9505 5110 2717 8087 2090 58 (Parcel #1), addressed to Robert Kurtz, P.O. Box 1440, Rocklin, California 95677, with the following return address: Andrew Shore, 6505 Eagle Nest Drive, Summerfield, NC 27358. Law enforcement searched public records databases and could not identify Andrew Shore ("Shore") as a mail recipient at 6505 Eagle Nest Drive and called him to confirm the address on the parcel. Law enforcement searched public records databases confirmed Kurtz received mail at P.O. Box 1440, Rocklin, CA 95677. Contact was made with the Post Office that delivers to this

1 address. The Post Office provided an application that revealed Kurtz had applied for the box with a listed address of a residence in Rocklin, California.

4. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that Parcel #1 was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 2, 2018, Shore consented to law enforcement searching Parcel #1. Inside Parcel #1, law enforcement found packing peanuts and a plastic bag containing carbon paper and $2,000.00 in cash. Parcel #1 did not contain any notes, receipts, or instructions.

6. Claimant does not contest the United States' representation that it could show at a forfeiture trial that between March 23, 2018 and April 4, 2018, the USPIS identified eight additional priority mail parcels being shipped to Kurtz' P.O. Box and other residences in Northern California. On April 2, 2018, law enforcement made several calls to Kurtz and Kurtz told law enforcement he was not expecting any parcels. Kurtz declined to give law enforcement consent to search the parcels and said he would call them back after consulting with his lawyer. Law enforcement did not hear back from Kurtz.

7. Claimant does not contest the United States' representation that it could show at a forfeiture trial that Priority Mail parcel # 9505 5104 5912 8086 3045 11 (Parcel #2) and Priority Mail parcel # 9505 5104 5912 8086 3045 28 (Parcel #3) were both addressed to Robert Kurtz at 2358 Amber Falls Drive, Rocklin, California 95765, with the following return address: Nicholas Tollefson, 76 Patriot Circle, Mountain Top, PA 18707.

8. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 2, 2018, Parcels #2 and #3 were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

9. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 2, 2018, law enforcement obtained consent from Nicholas Tollefson to open Parcels #2 and #3. Inside Parcels #2 and #3, law enforcement found vacuum-sealed bundles of carbon paper containing each $17,600.00 in cash—$8,800.00 in cash in each parcel. Neither parcel

3

contained any notes, receipts, or instructions. The currency consisted mainly of $20 bills.

10. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that April 5, 2018, law enforcement obtained federal search warrants for six Priority Mail parcels addressed to Robert Kurtz: # 9505 5148 4704 8082 2727 08 (Parcel #4); # 9505 5148 4704 8082 2727 15 (Parcel #5); # 9505 5139 4269 8087 4016 71 (Parcel #6); # 9505 5139 4269 8087 4016 95 (Parcel #7); # 9505 5141 2594 8087 2108 71 (Parcel #8); and # 9505 5139 4269 8087 4016 88 (Parcel #9). All of the parcels, except Parcel #8, had the following return address: Brian Johnson, 8215 Stoner Rd Lot 810, Riverview, FL 33569. Parcel #8 had the following return address: M. Jones, 46 Oxford Ave, Apt. #4, Buffalo, NY 14209.

11. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that inside Parcels #4 through #9 were vacuum-sealed carbon paper containing various amounts of bundled cash. Parcel #4 contained cash totaling $8,000.00. Parcel #5 contained cash totaling $8,000.00. Parcel #6 contained cash totaling $9,000.00. Parcel #7 contained cash totaling $9,000.00. Parcel #8 contained cash totaling $4,000.00. Parcel #9 contained cash totaling $9,000.00. None of the parcels contained any notes, receipts, or instructions. The currency seized from Parcels #4 through #9 mostly consisted of $20 bills.

12. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 2, 2018, Parcels #4 through #9 were separately presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics on each parcel.

13. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that Priority Mail parcel # 9505 5148 4704 8092 2777 93 (Parcel #10) and Priority Mail parcel # 9505 5148 4704 8092 2777 86 (Parcel #11) were both addressed to K. Johnson, 3780 Regatta Ct., Redding, California 96001, with the following return address: Brian Johnson, 1522 Attleboro Ln, Brandon, FL 33511.

14. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 9, 2018, Parcels #10 and #11 were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

15. Claimant does not contest the United States' representation that it could further show at

4

a forfeiture trial that on April 9, 2018, law enforcement obtained consent from Karen Johnson to open Parcels #10 and #11. Ms. Johnson stated she wanted nothing to do with the parcels and was not expecting them. Inside Parcel #10, law enforcement found vacuum-sealed carbon paper containing $9,000.00 in cash, all in $20 bills. Inside Parcel #11, law enforcement also found vacuum-sealed carbon paper containing $9,000.00 in cash, all in $20 bills. Neither parcel contained any notes, receipts, or instructions.

16. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on or about April 9, 2018, law enforcement obtained a federal search warrant for the following four Priority Mail parcels addressed to Taylor Brox, P.O. Box 7263, Chico, CA 95927: # 9505 5148 4705 8090 3012 39 (Parcel #12); # 9505 5148 4705 8090 3012 46 (Parcel #13); # 9114 9014 9645 1671 7943 81 (Parcel #14); and # 9114 9014 9645 1671 7944 04 (Parcel #15). All of the parcels had the following return address: Brian Johnson, at either the 8215 Stoner Rd Lot 810, Riverview, FL 33569 address or the 1522 Attleboro Ln, Brandon, FL 33511 address.

17. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that inside Parcels #12 through #15 were packing paper and stacks of cash. Parcels #12 through #15 each contained $9,000.00 in cash. The currency seized from Parcels #4 through #9 mostly consisted of $20 bills.

18. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that on April 4 and 5, 2018, Parcels #12 through #15 were separately presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

19. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

20. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Robert Kurtz acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute

5

any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

21. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

22. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

23. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

    i. Approximately $2,000.00 in U.S. Currency (Parcel #1),
    ii. Approximately $8,800.00 in U.S. Currency (Parcel #2),
    iii. Approximately $8,800.00 in U.S. Currency (Parcel #3),
    iv. Approximately $8,000.00 in U.S. Currency (Parcel #4),
    v. Approximately $8,000.00 in U.S. Currency (Parcel #5),
    vi. Approximately $9,000.00 in U.S. Currency (Parcel #6),
    vii. Approximately $9,000.00 in U.S. Currency (Parcel #7),
    viii. Approximately $4,000.00 in U.S. Currency (Parcel #8),
    ix. Approximately $9,000.00 in U.S. Currency (Parcel #9),
    x. Approximately $6,000.00 of the $9,000.00 in U.S. Currency (Parcel #12),
    xi. Approximately $9,000.00 in U.S. Currency (Parcel #13),
    xii. Approximately $9,000.00 in U.S. Currency (Parcel #14), and
    xiii. Approximately $9,000.00 in U.S. Currency (Parcel #15).

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant currency shall be returned to claimant Robert Kurtz:

    i. Approximately $9,000.00 in U.S. Currency (Parcel #10),
    ii. Approximately $9,000.00 in U.S. Currency (Parcel #11), and
    iii. Approximately $3,000.00 of the $9,000.00 in U.S. Currency (Parcel #12).

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  January 10, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE